**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3024-18T1

BENJAMIN A. RAMOS,

    Plaintiff-Appellant,

v.

BOROUGH OF PALISADES
PARK, PALISADES PARK
POLICE DEPARTMENT, JAMES
ROTUNDO, individually and in
his official capacity, CYNTHIA
PIRRERA, individually and in
her official capacity, and DAVID
J. LORENZO, individually and in
his official capacity,

    Defendants.

_____

Submitted September 10, 2019 – Decided November 20, 2019

Before Judges Hoffman and Currier.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2374-17.

Deutsch Atkins, PC, attorneys for appellant (Bruce L. Atkins, of counsel; Jason Todd Mushnick, on the briefs).

Florio Perrucci Steinhardt & Cappelli, LLC, attorneys for respondent Bergen County Prosecutor's Office (Craig P. Bossong, of counsel and on the brief; Kerry Cahill, on the brief).

PER CURIAM

By leave granted, plaintiff appeals from Law Division orders quashing the subpoena he served on a non-party, the Bergen County Prosecutor's Office (BCPO) and a later order denying reconsideration. Having considered the parties' arguments in light of the record and applicable law, we conclude the trial court misapplied its discretion by quashing the subpoena. Accordingly, we vacate and remand for further proceedings.

I

In April 2017, plaintiff, the former Chief of the Palisades Park Police Department, filed suit against defendants, Borough of Palisades Park (Borough), Palisades Park Police Department, Mayor James Rotundo, Councilwoman Cynthia Pirrera, and Borough Administrator David Lorenzo, alleging a violation of the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -8. In his complaint, plaintiff alleged defendants subjected him to pervasive harassment in retaliation for an investigation into alleged criminal activity of

2

A-3024-18T1

Sergent Mark Messing, the son of Pirrera, which eventually resulted in Sgt. Messing's indictment and suspension without pay.

According to plaintiff, defendants made him the target of "frivolous investigations" in March and April 2016 and filed baseless disciplinary charges against him, but "never completed [any] disciplinary hearings." Plaintiff further alleged "[d]efendants hired special counsel to conduct investigations of the disciplinary charges against [him] contrary to the [Attorney General] Guidelines[1] and without prior notice to the BCPO."

The investigation report of special counsel was ultimately forwarded to the BCPO, which then conducted its own investigation of the allegations against plaintiff. After completing its investigation, the BCPO concluded there were no criminal violations by plaintiff. Following this determination, the BCPO referred the matter back to the Borough for disposition as to whether plaintiff violated any rules or regulations.

---

[1] "N.J.S.A. 40A:14-181 . . . mandate[s] all law enforcement agencies in this State to adopt and implement policies and procedures 'consistent with' the guidelines set forth in the 'Internal Affairs Policy and Procedures' manual promulgated on behalf of the Attorney General by the Division of Criminal Justice (AG Guidelines)." In re Carroll, 339 N.J. Super. 429, 435 (App. Div. 2001). The AG Guidelines mandate that "[c]omplaints against a law enforcement executive . . . shall be documented and referred to the county prosecutor for investigation." AG Guidelines at 15 (Rev. July 2017).

According to plaintiff, on May 21, 2016, his physician "qualified [him] as disabled which rendered him unable to perform any of his job duties. . . ." Plaintiff alleges the Borough then agreed to permit him to "retire through ordinary disability (receiving disability pension benefits)[,] rather than proceeding with an [a]dministrative hearing . . . ." To that end, plaintiff claims that, on May 25, 2016, he received notification that "the Borough accepted his offer and that all charges would be dropped with an effective retirement date of June 1, 2016."

After he retired on June 1, 2016, plaintiff alleges the Borough proceeded to retaliate against him for his "whistle-blowing conduct" by deliberately withholding his retirement benefits; in addition, rather than dismissing the disciplinary charges against him, the Borough scheduled a hearing on the charges for September 20, 2016. The hearing was initially postponed to allow plaintiff to present witnesses; however, plaintiff's counsel then informed counsel for the Borough that plaintiff "will not be attending nor participating in this hearing [or] any other hearing concerning administrative charges that may be held by the Borough. . . ."

Over two years later, on October 12, 2018, special labor counsel for the Borough sent plaintiff's counsel a letter advising that the March and April 2016

A-3024-18T1

disciplinary charges against plaintiff remain unresolved, and that the Borough "is seeking to conclude these pending disciplinary matters."

On November 7, 2018, plaintiff served a subpoena duces tecum on the BCPO seeking the internal affairs records, documents, and information related to the disciplinary charges against plaintiff.[2] Rather than supply the requested materials, the BCPO filed a motion to quash the subpoena. Plaintiff filed opposition and a cross-motion to enforce the subpoena.

Following oral argument, the judge granted the BCPO's motion to quash and denied plaintiff's cross-motion. The judge found that the materials sought in the subpoena "are protected by the self-critical analysis and deliberative process privileges," which "protect against disclosure of internal investigation materials." The judge concluded that "the BCPO's communications with the defendants in furtherance of [its] investigation is outside the scope of . . . relevance to plaintiff's case." The judge denied plaintiff's request without conducting an in camera review of the actual documents.

---

[2] According to plaintiff's counsel, he "previously requested in discovery [p]laintiff's complete internal affairs records file maintained by [d]efendants, wherein [d]efendants provided records from prior investigations, but no internal affairs records on the disciplinary charges which are now being pursued by the Borough and which constitute the alleged retaliation and harassment."

A-3024-18T1

Plaintiff then filed this appeal, asserting the motion judge's decision to quash the subpoena served upon the BCPO constituted an abuse of discretion and misapplication of applicable law. Before the filing of plaintiff's appellate brief, counsel for the BCPO sent a letter to plaintiff's counsel providing 511 date-stamped documents, "represent[ing] the BCPO's entire file regarding your client as it relates to the disciplinary charges that the Borough . . . is allegedly pursuing against your client."

In response, plaintiff's counsel indicated he would withdraw the appeal upon receiving "a certification from the BCPO that it has produced all documents and communications responsive to each item set forth in the subpoena . . . and has not withheld or redacted any communications or documents requested in the subpoena . . . ." This appeal continued when the BCPO failed to provide the requested certification.

BCPO's respondent's brief claims it has provided "all documents in [its] possession that relate" to the disciplinary charges against plaintiff. Nevertheless, the same brief argues that plaintiff's subpoena sought records that are "privileged" and "confidential," and argues the motion judge properly quashed plaintiff's subpoena. BCPO's brief fails to explain why it provided "privileged, confidential" documents it claims is responsive to plaintiff's

subpoena, after successfully quashing the subpoena.  Nor does BCPO's brief explain why its production of the subpoenaed documents does not constitute a waiver of its claim of confidentiality of these documents.

## II

We begin our analysis by reviewing some basic principles concerning discovery.  "An appellate court applies 'an abuse of discretion standard to decisions made by [the] trial courts relating to matters of discovery.'"  C.A. ex rel. Applegrad v. Bentolila, 219 N.J. 449, 459 (2014) (alteration in original) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)).  As a result, "[w]e generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law."  Rivers v. LSCP'ship, 378 N.J. Super. 68, 80 (App. Div. 2005).  In civil actions,

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . .  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence; nor is it ground for objection that the examining party has knowledge of the matters as to which discovery is sought.
>
> [R. 4:10-2(a).]

"New Jersey's discovery rules are to be construed liberally in favor of broad pretrial discovery." Payton v. N.J. Tpk. Auth., 148 N.J. 524, 535 (1997) (citing Jenkins v. Rainner, 69 N.J. 50, 56 (1976) ("Our court system has long been committed to the view that essential justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts.")). Nonetheless, "the scope of discovery is not infinite." K.S. v. ABC Prof'l Corp., 330 N.J. Super. 288, 291 (App. Div. 2000). Rather, it is limited to information, "not privileged, which is relevant to the subject matter involved in the pending action[.]" R. 4:10-2(a).

In McClain v. College Hospital, our Supreme Court considered whether the investigatory records of a state licensing board should be released for use in a civil proceeding. 99 N.J. 346, 351 (1985). The Court held that such records should be released where there is a

> particularized need that outweighs the public interest in confidentiality of the investigative proceedings, taking into account (1) the extent to which the information may be available from other sources, (2) the degree of harm that the litigant will suffer from its unavailability, and (3) the possible prejudice to the agency's investigation.
>
> [Ibid.]

The Court noted that, when the inquiry revolves around law enforcement investigatory information, the situation "invites case-by-case consideration of whether access would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest." Id. at 357.

With the foregoing discovery principles in mind, we turn to the trial court's opinion. In her oral decision, the motion judge, in determining that plaintiff was not entitled to the subpoenaed documents, emphasized that "the [BCPO] is not a party." She concluded "the interest of confidentiality" outweighs "plaintiff's interest in disclosure," as "the [BCPO] must be able to conduct confidential investigations into allegations of misconduct."

Based upon our review of the record, we are compelled to remand the matter to the Law Division for further proceedings. Here, the motion judge did not explicitly weigh the balancing factors in her ruling. Significantly, the judge did not conduct an in camera review of the BCPO files to first determine the relevancy of each document by judging whether each document contains "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. The judge's failure to conduct an in camera review and balance plaintiff's interest in the records with the BCPO's interest in confidentiality constitutes a mistaken

exercise of discretion, warranting a remand. The subpoenaed records could very well play a central role in determining if the charges against plaintiff were warranted or retaliatory.

Further, once a document is deemed relevant, the trial judge is required to "examine each document individually and make factual findings with regard to why [a plaintiff's] interest in disclosure is or is not outweighed by [the State's] interest in nondisclosure." Keddie v. Rutgers, 148 N.J. 36, 54 (1997); see also Hammock by Hammock v. Hoffmann-LaRoche, Inc., 142 N.J. 356, 381-82 (1995) (dealing with sealing of documents in civil cases concerning health, safety, and consumer fraud, and noting, "[t]he need for secrecy must be demonstrated with specificity as to each document. . . . [T]he trial court, or a master appointed for such purpose pursuant to Rule 4:41-1 to -5, must examine each document individually and make factual findings.").

> When a New Jersey trial court reviews documents in camera, it must 'make specific determinations regarding plaintiff's access to them, including an expression of reasons for the court's rulings.' The trial court must examine each document individually, and explain as to each document deemed privileged why it has so ruled.
>
> [Seacoast Builders Corp. v. Rutgers, 358 N.J. Super. 524, 542 (App. Div. 2003) (quoting Payton, 148 N.J. at 550).]

When stating the reasons for nondisclosure, a judge should "state with particularity the facts, without disclosing the secrets sought to be protected, that . . . persuade the court to seal the document or continue it under seal." Hammock, 142 N.J. at 382. However, where a judge is unable to reveal factual findings without disclosing the confidential material sought, the disclosure of those factual findings can be sealed for appellate review, thus permitting a meaningful determination by this court whether the judge correctly exercised his or her discretion. See Shuttleworth v. City of Camden, 258 N.J. Super. 573, 589 (1992).

We further note that the AG Guidelines specifically authorize the release of "information and records of an internal investigation" when administrative charges have been brought against an officer and a hearing will be held. AG Guidelines at 42. The record contains no evidence the Borough has dismissed the pending administrative charges against plaintiff.

We are unpersuaded by BCPO's claim that it has now provided all documents in its possession that relate to the disciplinary charges against plaintiff, in light of its unexplained failure to supply a certification that it has produced all requested documents and communications without redaction.

Under these circumstances, we do not find unreasonable plaintiff's trust-but-verify response to the BCPO's claim of full compliance.

We therefore vacate the order under review and remand to the motion judge with directions to review the subpoenaed records[3] in camera and render a decision making specific reference to particular documents or groups of documents and provide factual findings, if necessary, in the form of a separate sealed decision. Only then can we effectively review the factual basis of the judge's decision and determine whether she "abused [her] discretion after weighing the competing considerations of the balancing test." Shuttleworth, 258 N.J. Super. at 588 (quoting State v. Milligan, 71 N.J. 373, 384 (1976)). The subpoenaed files, and any specific reference to the contents of the subpoenaed files made by the court following an in camera review, shall remain under seal pending any subsequent appeal.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Since the BCPO has already provided 511 documents to plaintiff, without reservation, the task confronting the motion judge would be to identify any remaining documents not yet provided, and then to "examine each document individually and make factual findings with regard to why [a plaintiff's] interest in disclosure is or is not outweighed by [the State's] interest in nondisclosure." Keddie, 148 N.J. at 54.